**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

TY'RELL JOHNSON,                              )
                                             )
            Plaintiff,                        )
                                             )
v.                                           )          Case No. CIV-26-1317-PRW
                                             )
G2 SECURE STAFF,                             )
                                             )
            Defendant.                        )

**REPORT AND RECOMMENDATION**

Plaintiff Ty'Rell Johnson filed a complaint and a separate Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), Doc. 2. United States District Judge Patrick R. Wyrick referred the Application to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). After review, the undersigned recommends that the Court deny the Application.

**I.      Discussion**

The filing fee for a civil case in this Court is $405.00.[1] Courts have discretion in deciding whether to grant a civil litigant permission to proceed in forma pauperis ("IFP"). 28 U.S.C. § 1915(a); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (citation modified). To succeed

---

[1] The total filing fee includes a base fee of $350.00 plus an administrative fee of $55.00. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched*. ¶ 14.

on an application to proceed IFP, the movant must show "a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312.

### A.    Factors for consideration

Factors the Court may consider in exercising its discretion include "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citation modified).  The undersigned has not reviewed the complaint.  Doc. 1; *see* Doc. 3 (referring only the Application).  But even assuming the complaint is not frivolous or malicious, the remaining factors weigh against granting Plaintiff's Application.  Plaintiff is not a prisoner, so the special concerns attendant to prisoner cases do not apply.

As to the financial-resources factor, the Court may consider both income and assets. *See Lister*, 408 F.3d at 1311 (noting that an applicant's income, assets, and expenses are relevant for consideration of an IFP application).  With respect to income, the Court considers the degree to which Plaintiff's monthly income exceeds his monthly obligations. *See Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (affirming denial of IFP status, in part, because plaintiff's "monthly income exceeded his monthly obligations by several hundred dollars").

### B.    Plaintiff's financial information

The undersigned has carefully considered Plaintiff's income, assets, and expenses as listed on his Application.  Plaintiff attests that his take-home pay is $1,631.83 every two

weeks, which equates to approximately $3,535.63 per month.  Doc. 2 at 1.  He reports $138.00 in cash or a bank account.  *Id.*  Plaintiff states he makes monthly payments on an automobile and sets forth the amount still owed on an automobile, but does not include "any automobile" as an asset.  *Id.* at 2 (citation modified).  And though Plaintiff lists three separate debts or financial obligations, he includes only an automobile in his monthly expenses (and does not include a monthly payment for the other two obligations).  *Id.* Plaintiff attests he has $3,087.00 in monthly expenses.  *Id.*

Plaintiff also lists his spouse as a person dependent on him for support, but does not include how much he contributes to her support.  *Id.*  Nor does Plaintiff include information about his spouse's financial resources, which the Court considers in assessing Plaintiff's inability to pay the filing fee.  *See, e.g., Luther v. Okla. Dep't of Human Servs.*, No. CIV-25-317-J, 2025 WL 1634107, at *1 (W.D. Okla. Mar. 31, 2025) (explaining courts consider "the income of interested persons, such as spouses and parents, in evaluating the funds available to the movant," and collecting cases (citation modified)) (R&R), *adopted*, 2025 WL 1483695 (W.D. Okla. May 23, 2025).

Based on the information provided in the Application, the undersigned recommends the Court deny the Application.  Without considering any potential additional household income, Plaintiff reports monthly take-home pay that exceeds his monthly expenses by almost $450.00.  In addition, it does not appear that Plaintiff has disclosed at least one of his assets.  "While this Court does not suggest that the plaintiff is wealthy or has lots of money to spend, he does appear to have discretionary income and/or assets and it appears that [he] has the ability to spend [his] discretionary funds on filing fees if he desires."

3

*Williams v. Oklahoma*, No. CIV-16-163-R, 2016 WL 7665657, at \*2 (W.D. Okla. Feb. 23, 2016) (citation modified) (R&R), *adopted*, 2016 WL 7665658 (W.D. Okla. Apr. 4, 2016), *aff'd*, 667 F. App'x 733 (10th Cir. 2016); *see also Brewer*, 24 F. App'x at 979 (affirming denial of IFP status because plaintiff's "monthly income exceeds his monthly expenses by a few hundred dollars"). The undersigned therefore finds Plaintiff has not shown "a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312.

## II.    <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2. The undersigned further recommends that if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of Court within 21 days of any order adopting this Report and Recommendation, this action be dismissed without prejudice to refiling, pursuant to Local Civil Rule 3.3(e).

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court by June 29, 2026. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 8th day of June, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE